Jorge **RUFINO–GALARZA**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–70607.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

Jorge Rufino–Galarza, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd, Attorney, Cindy S. Ferrier, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jorge Rufino–Galarza, a native and citizen of Mexico, petitions pro se for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the decision of an immigration judge ("IJ") finding Rufino removable and denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part, and dismiss in part.

Rufino's contention that the BIA's summary affirmance procedure was inconsistent with due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848–49 (9th Cir.2003).

We lack jurisdiction over Rufino–Galarza's contention that the IJ violated his due process rights by failing to advise him of his apparent eligibility for an alternate form of relief, because Rufino failed to raise this issue before the BIA and exhaustion is required for this type of alleged procedural error that an administrative tribunal could remedy. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir.2002) ("we may not entertain due process claims based on correctable procedural errors unless the alien raised them below.").

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).